(September 16, 2004)

■ CNA HOLDINGS, INC., Respondent, v CITIBANK, N.A., et al., Appellants. [782 NYS2d 15]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered March 28, 2003, upon an order granting plaintiff summary judgment against defendants in the sum of $359,678 plus interest from October 25, 2000, unanimously modified, on the law, to the extent of awarding interest from November 9, 2000, and otherwise affirmed, without costs. The Clerk is directed to enter an amended judgment accordingly.

As found by the Commercial Division, it is well settled that the Uniform Commercial Code imposes strict liability on a bank that charges against its customer's account any "item that is not properly payable" (*Monreal v Fleet Bank*, 95 NY2d 204, 207 [2000] [internal quotation marks omitted]). Here it is undisputed that, on or about October 25, 2000, in the ordinary course of its business, plaintiff instructed Citibank, through Citibank's vendor, Moore Business Forms, to issue a check drawn on plaintiff's account payable to Atofina Petrochemicals, Inc. in the sum of $359,678 in payment for a monthly invoice for services rendered by Atofina to plaintiff's affiliate, Ticona Polymers,

Inc., and mail it to Atofina at a Dallas lockbox address provided by Atofina. The check was a replacement for a similar check previously mailed in June to the same lockbox address, but never received or cashed by Atofina. Payment on that check was stopped and the replacement check sent. It is also undisputed that the replacement check was materially altered to change the payee's name to Evergreen Medical Supplies, was deposited in a Philadelphia branch of Mellon Bank, and accepted for payment by Citibank.

The attorney's affirmation, submitted for the first time in support of Citibank's motion for reargument and renewal, and based upon hearsay information from Texas F.B.I. officials that during some unspecified period approximately 260 checks were stolen from various Dallas lockboxes, apparently including the lockbox facility to which the check at issue was sent, is insufficient to raise an issue of fact as to whether plaintiff was negligent in sending the replacement check to the same Dallas lockbox to which its original lost check had been sent. As to Citibank's claimed need for further discovery, the motion court properly found that the unsupported and conclusory allegations of counsel that such discovery will uncover evidence to support its defense that plaintiff was somehow negligent is insufficient to defeat plaintiff's motion for summary judgment. However, inasmuch as plaintiff concedes that interest should run from November 9, 2000, the date the forged check was cashed, we modify accordingly. Concur—Buckley, P.J., Andrias, Saxe and Lerner, JJ.